# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

CASE N° 3:10-CR-00086-TMB
Judge BURGESS

JESUS ALBERTO AYALACORIA.
PETITIONER

V

UNITED STATES OF AMERICA.
RESPONDENT.

EMERGENCY MOTION to REDUCE SENTENCE Based on COMPASSIONATE RELEASE PURSUANT to 18 U.S.C. § 3582 (a)(1)(a), also the legal changes that might impact the petitioner during the pandemic. The CARES ACT To provide emergency assistance to people affected by the Coronavirus outbreak.

Now comes JESUS ALBERTO AYALORIA. PRO-SE. Who respectfully request the Honorably UNITED STATES DISTRICT COURT OF ALASKA to reduce his sentence based of 18 U.S.C. § 3582 (c)(1) A. Congress created a compassionate release as a vehicle for reducing the sentences of inmates with a debilitating medical conditions, or orderly inmates who already have served a significant amount of their time where continued incarceration would be inequitable and unjust.

(1)

Case 3:10-cr-00086-TMB   Document 125   Filed 05/07/20   Page 1 of 6

In 2016 the U.S. Sentencing Commission "Conducted an in depth review" of the BOP's compassionate release program an saw the low approval rates, as well as two reports issued by the Office of the inspector General of the Department of Justice that were critical of the Bureau of Prison's implementation of its compassionate release program, Therefore in Section 603 of the act Congress now has gone one step further by giving inmates the right to file a motion for compassionate release with their Sentencing Judges, Specifically, and most importantly, Program Statement 5050.50 issue on January 17, 2019, entitled "Compassionate Release/Reduction in Sentence, Procedures for Implementation of 18 U.S.C §§ 3582 and 4205(g)" Previously provided and still provides in relevant part (28.C.F.R. § 571.63 Denial of request)

Ever since the passage of the First Step Act show the 18 U.S.C. § 3582(c)(1)(A) as a critical and Valuable new mechanism to reduce prison sentences in any And every case in which a defendant presents "Extraordinary and compelling reasons" Supporting the reductions. The new FIRST STEP ACT Allows a Judge broad authority to "Determine whether any extraordinary and compelling reasons" Justified a reduction in a Prison Term.

## STATEMEN OF THE CASE

The Petitioner JESUS ALBERTO AYALA CORIA has 49 years old. a Federal Prisoner serving a 15 years sentence. and 5 years of Supervise release for narcotic. 21: 841 (A) (1) and (B) (1)(A), Distribution of 50 G or more of Actual METHAMPHETAMINE CT. 3., 21: 841 (A) (1) and (B) (1) (c).

The petitiner was place in extrictly quarentine because he's classified as more vulnerable to get the COVID-19.

The Petitioner have athma, slepping apnea, he's using a respiratory machine, Diabetis. One part of the CARES ACT gives the BOP director power to lengthen the maximum amount of time tha a person can be in home confinement during the pandemic, the ACT allows Federal Courts to directly reduce Sentences under compassionate release statutory provisions of 18 U.S.C. § 3582 (c)(1)(A) without awaiting a motion by the Bureau of prisons.

UNITED STATES V. OBRyan, No. 96-10076-03-JTM, 2020 WL 869475 (D. Kan. Feb 21 2020)

UNITED STATES V DAVIS, No PJM 00-424-2, 2020 WL 1083158 (D. Md. March 5, 2020)

U.S. V. PEREZ / No 7CR. 513-3 (AT) (S.D.N.Y APRIL /2020.

U.S. V. PERDIGAO (No 7-103) (E.D. LA. APRIL 2.2020.

U.S. V. MUNIZ (No. 4:09-CR-0199-1) (S.D. Tex. MARCH 30 2020.

U.S. V. Gonzalez (No 2:18:CR-0232-TOR-15) E.D. WASH MAR 31 2020.

(3)

U.S. V. RESNIK NO: 1:12-CR-00152-CM (SDNY APRIL 2 2020

U.S. V. BRANNAN NO: 4:15-CR-80-01 (S.D. TX APRIL 2 2020

U.S. V. FOSTER No 1:14-CR-324-02 (MD PA APR 3 2020)

In United States v Williams, No PWG-13-544 2020 WL 1434130 (D. Nevada, MARCH 24, 2020) "the Court has reflected on all of the considerations and factors in play at the detention hearing held on February 11. Even with the pandemic that has befallen us, the existence of the present pandemic, while there has been a change in conditions as a result of the pandemic.

## LEGAL ANALYSIS

### Raia Decision

U.S. V. Raia 3rd cir case No 20-1033, Brief of Amici Curiae (april 14, 2020)

Holding that the Defendant had to exhaust remedies with the BOP First. The defendant has petitioned for rehearing the Court of appeals should not "Issue a precedential opinion on a far-reaching and debatable issue of first impression affecting numerous non-party individuals in a wide range of circumstances — some of which are litterally matters of life — or death that had not been addressed by the District Court.

Raia panel acknowledging those authorities holding that the exhaustion requirement is subject to exceptions in the very circumstances presented here and without affording the parties the opportunity

to argue why exhaustion should not be required under the First STEP ACT (FSA). They Ask the Honorable Court to withdraw the exhaustion holding in the opinion, a holding already bedeviling Compassionate relief filers across the Country.

## CONCLUSION

Therefore the Petitioner pray to this Honorable court that for all the foregoing herein reasons, Stated above, the Petitione's motion represent "Extraordinary and Compelling circumstances" Which could not reasonably have been foreseen by the Sentencing, the petitioner has already served 10 years of his Sentence. The Petitioner believes that this Extraordinary and Compelling Circumstances Warrants this Honorable District court earnest consideration pursuant to 18. U.S.C. § 3582(c)(1)(a), in this action the motion should be granted.

PETITIONER PRO-SE.

JESUS ALBERTO AYALA CORIA.
Rg No 16012-006
McRae Correctional Facility
CORE civic PO Drawer 55030
McRae, Helena, GA, 31055

(5)

