## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Jesus Alberto Ayalacoria*
Case No. 3:10-cr-00086-TMB

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Jesus Alberto Ayalacoria's "Emergency Motion to Reduce Sentence Based on Compassionate Release Pursuant to 18 U.S.C. § 3582(a)(1)(a)" and "Amended Motion and Memorandum in Support of Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (together, the "Motion").[1] Ayalacoria argues that "extraordinary and compelling reasons" warrant a sentence reduction in his case.[2] The United States opposes the Motion.[3] For the reasons discussed below, the Motion is **GRANTED**.

In November 2010, Ayalacoria pleaded guilty to charges of distribution of 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[4] On March 17, 2011, the Court sentenced Ayalacoria to the mandatory minimum, 180 months of imprisonment and five years of supervised release.[5] To date, Ayalacoria has served 117 months in custody and his anticipated release date is June 2023.[6]

Ayalacoria filed the Motion seeking compassionate release in light of his age and underlying health conditions and the coronavirus ("COVID-19") outbreak at McRae Correctional Facility ("McRae"), where he is currently housed.[7] He states that he is 50 years old with "diagnoses of diabetes, hepatitis, high blood pressure and sleep apnea."[8] He also alleges he has asthma and requires a CPAP machine.[9] Ayalacoria argues that this Court may determine what constitutes "extraordinary and compelling" circumstances to justify a reduction in sentence, but nonetheless, his circumstances are consistent with the applicable U.S. Sentencing Guidelines policy

---

[1] Dkts. 125 (Motion); 128 (Amended Motion).
[2] Dkt. 128 at 1.
[3] Dkt. 130 (Opposition).
[4] Dkts. 35 (Minute Entry); 11 (Indictment).
[5] Dkts. 48 (Minute Entry); 49 (Judgment).
[6] Dkt. 128 at 3.
[7] *Id.* at 1–2.
[8] *Id.* at 1.
[9] *Id.* at 5. *See* Dkt. 125 at 3.

1

statement.[10] Ayalacoria also argues that upon release, he is not a danger to the community and will safely shelter in place with family in Mexico.[11]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[12] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[13] The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. § 1B1.13. The policy statement provides that "extraordinary and compelling reasons" may exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[14] Furthermore, U.S.S.G. § 1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

Here, Ayalacoria filed as an exhibit to his Motion an email from a Supervisory Attorney for the Bureau of Prisons ("BOP") stating that BOP "is currently unable to evaluate any compassionate release requests filed by [defendants currently being housed in private contract facilities]."[15] McRae is one such private contract facility.[16] Therefore, Ayalacoria has exhausted all the administrative remedies available to him.

Furthermore, considering the COVID-19 pandemic, the Court finds that Ayalacoria has shown "extraordinary and compelling reasons" to justify his release. Ayalacoria provides extensive and recent medical records to corroborate his underlying health conditions.[17] Although he is not in the high-risk age group and his asthma is classified as "intermittent," Ayalacoria also suffers from diabetes and hypertension.[18] The Centers for Disease Control and Prevention recognize that the latter two conditions may put people at higher risk of severe illness from COVID-19.[19]

---

[10] Dkt. 128 at 11–16;

[11] *Id.* at 26.

[12] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).

[13] 18 U.S.C. § 3582(c)(1).

[14] U.S.S.G. § 1B1.13.

[15] Dkt. 129 at 1 (Exhibit). The Government does not dispute or even address this exhibit in its Opposition yet asserts, without support, that "BOP fully considers requests for sentence reductions" and the compassionate release request process is available to Ayalacoria at McRae. Dkt. 130 at 16–17, 19. The Government later filed a supplement acknowledging that Ayalacoria filed a request with BOP on May 18, 2020. Dkt. 136 (Supplement). However, this still does not address the inability of BOP to evaluate such requests.

[16] Dkt. 128 at 5.

[17] Dkt. 134-1 (Exhibit).

[18] *See, generally, id.*

[19] Centers for Disease Control and Prevention, Coronavirus Disease (2019), Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 4, 2020).

Furthermore, Ayalacoria has been subject to frequent COVID-19 screening at McRae; although he has not shown symptoms of fever, cough, or shortness of breath, each assessment reflects that Ayalacoria has had close contact with someone who has been diagnosed with COVID-19.[20] In light of Ayalacoria's increased risks, the ongoing COVID-19 pandemic, and the difficulty to social distance while in custody, Ayalacoria has established extraordinary and compelling reasons to warrant release.

Moreover, having reviewed the history of the case, the Parties' filings, and U.S. Probation's report and recommendation,[21] the Court finds that the relevant factors listed in 18 U.S.C. § 3553(a) weigh in favor of granting relief in this case. Ayalacoria has served nearly ten years of his fifteen-year sentence, has no history of disciplinary issues while in custody, and has made efforts toward rehabilitation.[22] Furthermore, the Court acknowledges that Ayalacoria is subject to an immigration detainer and that he plans to reside with his sister in Mexico.[23] These considerations are sufficient to satisfy the need for sentencing and show that he will not pose a danger to anyone or the community upon release.

Accordingly, the Motion at Docket 125 is **GRANTED**. It is further recommended that the Government's requested accommodations at Docket 130 be implemented to the extent McRae can facilitate them, to prevent the spread of COVID-19 and protect public health, as follows:

1. Ayalacoria should be given the opportunity to submit to a COVID-19 test and isolated pending test results. Ayalacoria should then be released from BOP custody immediately upon negative test results; or

2. In the alternative, Ayalacoria should be quarantined for 14 days and monitored for COVID-19 symptoms prior to release from BOP custody.

3. In the event Ayalacoria tests positive for COVID-19 or shows COVID-19 symptoms, the Government shall inform the Court and move for an extension of his release date.

4. Nothing in this Order shall impact any effects of Ayalacoria's immigration detainer or any ensuing immigration proceedings.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 9, 2020.

---

[20] Dkt. 134-2 (Exhibit).
[21] Dkt. 126 (USPO Memorandum).
[22] *See* Dkt. 132 (Exhibit).
[23] Dkt. 128 at 26.